IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01215-KLM

FARID SHEKARCHIAN AHMADABADI,

    Plaintiff,

v.

ANDREW LAMBRECHT,
WILLIAM BARR,
KEVIN K. MCALEENAN, and
ROBERT COWAN,

    Defendants.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Dismiss for Lack of Subject Matter Jurisdiction** [#13][1] (the "Motion"). Plaintiff has not filed a Response to the Motion [#13]. The Court has reviewed the Motion, the case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#13] is **GRANTED**.[2]

## I. Background

On April 25, 2019, Plaintiff filed a Writ of Mandamus (the "Writ") [#4] seeking to

---

[1] [#13] is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] This case has been referred to the undersigned for all purposes pursuant to D.C.COLO.LCivR 40.1(c) and 28 U.S.C. § 636(c), on consent of the parties. *See* [#12, #15].

compel the United States Citizenship and Immigration Service ("USCIS") to complete his I-485 Application to Register Permanent Residence or Adjust Status ("Application"). *Writ* [#4] ¶¶ 2, 24(b). According to Plaintiff, he was born in Iran, entered the United States in 2012 with a valid B1 visa, married a U.S. citizen, and filed the Application in 2017. *Id.* ¶¶ 11-12, 14. Plaintiff states that "[s]ince then, there has been no response to the I–485, [so] Plaintiff remains unreasonably in limbo regarding his status." *Id.* ¶ 17.

Defendants contend that USCIS denied his Application in June of 2019 (approximately two months after the filing of this lawsuit), thereby making this action moot. *Motion* [#13] at 3. For that reason, Defendants argue that the Court lacks subject matter jurisdiction and therefore they move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *Id.* at 1.

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it. Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); Fed. R. Civ. P. 12(b)(1). Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed. *F & S Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: facial attack or factual attack. *Holt*, 46 F.3d at 1002. When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true. *Id.* By contrast, when reviewing a

factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003. With a factual attack, the moving party challenges the facts upon which subject-matter jurisdiction depends. *Id.* Therefore, the Court must make its own findings of fact. *Id.* In order to make its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987)). The Court's reliance on "evidence outside the pleadings" to make findings concerning purely jurisdictional facts does not convert a motion to dismiss pursuant to Rule 12(b)(1) into a motion for summary judgment pursuant to Rule 56. *Id.*

### III. Analysis

"Article III of the Constitution limits federal courts to deciding 'Cases' and 'Controversies,' and an actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." *Kansas by & through Kansas Dep't for Children & Families v. SourceAmerica*, 874 F.3d 1226, 1236 (10th Cir. 2017) (quoting *Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1975 (2016) (internal quotation marks omitted)). "In considering mootness, we ask whether granting a present determination of the issues offered will have some effect in the real world." *SourceAmerica*, 874 F.3d at 1236 (quoting *Fleming v. Gutierrez*, 785 F.3d 442, 444-45 (10th Cir. 2015) (internal quotation marks omitted)). "A case is moot . . . where the relief sought can no longer be given or is no longer needed." *Id.* (internal quotation marks omitted).

Here, the case is moot because there is not an actual controversy and therefore, there is no relief for the Court to provide. Plaintiff asks that the Court compel Defendants

to act on the Application.  *Writ* [#4] ¶ 24(a).  Yet, USCIS has already denied the Application. *Motion* [#13] Ex. 1 at 6.  In its denial, USCIS stated that Plaintiff's alleged wife, Magali Rodriguez, withdrew a Petition for Alien Relative form that she had submitted on Plaintiff's behalf.  *Id.*  Moreover, she informed USCIS that Plaintiff offered to pay her "$10,000 to enter into a fraudulent marriage [to] . . . circumvent immigration laws."  *Id.*  The denial explained that because Plaintiff testified that the information in the Application was true and correct, while also stating that he was married to Rodriguez, he had misrepresented a material fact.  *Id.* at 6-7.  In consequence, USCIS denied the Application.  *Id.*  Irrespective of Plaintiff's marital status, the Court cannot compel Defendants to act because USCIS has already done so.  *See Ahmadabadi v. Lambrecht*, No. 15-cv-01459-RM-MEH, 2015 WL 7075669 (D. Colo. Nov. 12, 2015) (Plaintiff's petition for mandamus to compel USCIS to act was rendered moot because the agency had already done so).  Just as Defendants note, "now that USCIS has acted on Plaintiff's I-485 application, the Court lacks jurisdiction to order USCIS to act [on] an application that it has already adjudicated."  *Motion* [#13] at 4.  Finally, the Court notes that Plaintiff has filed no response attempting to show that dismissal of this action is inappropriate.

Accordingly, the Court finds that Writ [#4] is moot. Plaintiff's claim is therefore **dismissed without prejudice**.  *See Lewis v. Burger King*, 398 F. App'x 323, 325 n.3 (10th Cir. 2010) (stating that dismissal due to mootness must be without prejudice).

### IV.  Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#13] is **GRANTED** and that the case is

**DISMISSED without prejudice**. The Clerk of Court shall **close** this case.

DATED: October 9, 2019

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge